Jacques MELEK, Plaintiff–Appellant,

v.

Ben T. KAYASHIMA; et al., Defendants–Appellees.

No. 06–56062.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007 *.

Filed Dec. 28, 2007.

Jacques Melek, Alta Loma, CA, pro se.

Sarah L. Overton, Esq., Cummings McClorey Davis Acho and Associates, Riverside, CA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

MEMORANDUM **

Jacques Melek appeals pro se from the district court's judgment dismissing for lack of subject matter jurisdiction his action under 42 U.S.C. § 1983 alleging constitutional violations and a state law claim stemming from the reassignment of his state court civil cases to a different state court judge. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's jurisdictional dismissal

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

based on the *Rooker–Feldman* doctrine. *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003). We affirm.

The district court properly concluded that the *Rooker–Feldman* doctrine bars Melek's action because it is a "forbidden de facto appeal from a judicial decision of a state court," and raises constitutional claims that are "inextricably intertwined" with that prior state court decision. *Id.* at 1158; *see also Doe & Assocs. Law Offices v. Napolitano,* 252 F.3d 1026, 1030 (9th Cir.2001) (the *Rooker–Feldman* doctrine bars review of interlocutory state court decisions). Because the district court lacked federal subject matter jurisdiction, it properly declined to exercise supplemental jurisdiction over Melek's state law claim. *See* 28 U.S.C. § 1367(c)(3); *Brown v. Lucky Stores, Inc.,* 246 F.3d 1182, 1187 (9th Cir.2001) (appellate court reviews for abuse of discretion a district court's decision whether to retain jurisdiction over supplemental claims when original federal claims are dismissed).

Melek's remaining contentions are unpersuasive.

Melek's motion to consolidate is denied as moot.

**AFFIRMED.**